■ ELIZABETH JAMES, Appellant, v JEROME L. KRAUT, Respondent.—
Appeal from an order of the Supreme Court, Queens County, entered May
28, 1979, which fixed the fee of the appellant outgoing attorney at $3,500.
Order reversed, with $50 costs and disbursements, and matter remanded to
the Supreme Court, Queens County, for a hearing, before a different Justice,
on the question of counsel fees. Under the circumstances at bar, it was
improper to fix the fee of the outgoing attorney without affording him an
opportunity to be heard. Mollen, P. J., Titone, Rabin, Gulotta and Gibbons,
JJ., concur.

■ MONA LA POMMERAY, Respondent-Appellant, v LUC LA POMMERAY,
Appellant-Respondent.—In a matrimonial action, the defendant husband
appeals from a judgment and seven orders of the Supreme Court, Westches-
ter County, as follows: (1) as limited by his brief, from so much of a
judgment of divorce entered October 10, 1978, as granted the plaintiff wife
$200 per week alimony and $87 per week child support and awarded a
counsel fee of $11,500, plus disbursements; (2) as limited by his brief, from
so much of an order dated December 28, 1978, as, upon reargument,
adhered to the original determination in the judgment as to alimony, child
support and counsel fees; (3) an order dated December 29, 1978, which, *inter
alia,* granted plaintiff's motion to amend the judgment of divorce and
directed a hearing with respect to increased child support; (4) an order dated
November 8, 1978, which, *inter alia,* appointed a receiver of defendant's
interest in his partnership with a medical group to satisfy a judgment
entered in favor of plaintiff; (5) as limited by his brief, from so much of an
order dated January 12, 1979, as, upon granting reargument, adhered to the
original determination with respect to the appointment of a receiver of
defendant's interest in the medical group; (6) an order entered May 3, 1979,
which, *inter alia,* charged the interest of defendant in the medical group
and appointed a receiver; (7) an order dated July 25, 1979, which, *inter alia,*
denied his motion for leave to reargue the charging order entered May 3,
1979; and (8) an order dated July 2, 1979, which, *inter alia,* denied his
motion to vacate restraining notices and to limit the charging order against
his income. The plaintiff wife cross-appeals, on the ground of inadequacy
and as limited by her notice of appeal and brief, from so much of the
judgment of divorce, entered October 10, 1978, as fixed child support. Appeal
from so much of the order dated July 25, 1979 as denied reargument
dismissed. No appeal lies from the denial of a motion for reargument. Order
otherwise affirmed. Appeal and cross appeal from the judgment, and appeal
from the order dated November 8, 1978, dismissed as academic. The judg-
ment and said order were superseded by the orders dated December 28, 1978
and January 12, 1979, respectively. Orders dated December 28, 1978 and
January 12, 1979 affirmed insofar as appealed from. Orders dated December
29, 1978 and July 2, 1979, and order entered May 3, 1979 affirmed. Plaintiff
is awarded one bill of costs to cover all appeals. We have examined the
contentions of the defendant and find them to be totally without merit. The
child support award was proper under the circumstances. Hopkins, J. P.,
Damiani, O'Connor and Rabin, JJ., concur.